IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 22-CR-820-JD |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| FANOTTI NACIER NEAL | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant Fanotti Nacier Neal's ("Neal" or "Defendant") Motion to Sever (DE 190) his trial from his co-defendants pursuant to Rules 12 and 14, Fed. R. Crim. P. The Court held a hearing on the matter on June 22, 2023. After review of the motion, briefs, and record, and after hearing oral arguments on the matter, the Court denies Defendant's Motion to Sever (DE 190) for the reasons stated herein.

## **BACKGROUND**

On September 27, 2022, Defendant Neal was indicted for one count of Conspiracy to Deal in Firearms Without a License (Count 6). (DE 4.) However, the indictment included six total counts and named five other individual co-Defendants, including Elijah Fitts, Zion Hezekiah Fitts, and Nasir Schifano, who were also named with Defendant Neal in Count 6. (Id.) The case is currently calendared for a joint trial of all co-Defendants and counts for the June 2023 term of Court. All counts in the indictment stem from an incident that occurred on March 29, 2022. Neal's co-defendants were charged with controlled substance crimes, Hobbs Act Robbery, firearms crimes, aiding and abetting, and brandishing and discharging a firearm during a crime of violence. (Id.) Defendant Neal now moves for a separate trial from his co-defendants, contending he was improperly joined with the other co-defendants in the indictment under Rule 8(b), Fed. R. Crim.

1

P. (DE 190, p. 2), and, even if he were properly joined, a joint trial would prejudice Mr. Neal's right to a fair trial. (DE 190, p. 1.)

## LEGAL STANDARD

The Government may join two or more defendants in the same indictment if the defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed R. Crim. P. 8(b). Acts are sufficiently related to support joinder under Fed. R. Crim. P. 8(b) if the acts "arise out a common plan or scheme[,]" and are "unified by some substantial identity of facts or participants." United States. v. Porter, 821 F.2d 968, 972 (4th Cir. 1987). "Although 'series of acts or transactions' is not defined in the Rule, such phrase logically includes those transactions so interconnected in time, place and manner as to constitute a common scheme or plan." United States v. Santoni, 585 F.2d 667, 673 (4th Cir. 1978). "Where the defendants' acts are part of a series of acts or transactions, it is not necessary that each defendant be charged in each count, nor to show that each defendant participated in every act or transaction in the series." Id.

If defendants are improperly joined, severance is "mandatory and not a matter of discretion within the trial court." United States v. Campbell, 963 F.3d 309, 318 (4th Cir. 2020) (quoting Santoni, 585 F.2d at 673. If defendants have been properly joined in the indictment, "barring special circumstances, individuals indicted together should be tried together." United States v. Brugman, 655 F.2d 540, 542 (4th Cir. 1981). However, even if Defendants are properly joined, under Fed. R. Crim. P. 14, "if the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14.

Severance is only required under Rule 14 when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants" or the jury would be prevented from "making a reliable judgment" about a defendant's guilt or innocence. Zafiro v. United States, 506 U.S. 534, 539 (1993). "Speculative allegations" are insufficient to make the required showing of prejudice to require severance. United States v. Najjar, 300 F.3d 466, 473 (4th Cir. 2002). Additionally, a defendant is not entitled to severance by the "mere fact that evidence against one or more co-conspirator is stronger or more inflammatory than the evidence against others," Campbell, 963 F.3d at 318, or because he would be more likely to be acquitted if tried alone, United States v. Reavis, 48 F.3d 763, 767 (4th Cir. 1995). Finally, the party seeking severance bears "the burden of demonstrating a strong showing of prejudice." United States v. Mir, 525 F.3d 351, 357 (4th Cir. 2008) (quoting United States v. Goldman, 750 F.2d 1221, 1225 (4th Cir. 1984).

## DISCUSSION

Neal first contends that he was improperly joined with his co-defendants under Rule 8(b), Fed. R. Crim. P., because co-defendants Elijah Fitts, Zion Fitts, Dorion Godbolt and Harkeem Kennedy are charged with drug and Hobbs Act Robbery crimes that "are not similar to the conspiracy charge nor do they constitute a common scheme or plan." (DE 190, p. 2.) The Court disagrees. Neal is charged with conspiracy with three of his co-defendants (DE 4), and the presumption that co-defendants should and will be tried together applies equally to defendants indicted on conspiracy charges. Zafiro, 506 U.S. at 537-38. Additionally, all the other co-defendants charged in the conspiracy count are also named in other Hobbs Act Robbery and firearms counts, and thus the counts are "unified by some substantial identity of facts or participants." United States. v. Porter, 821 F.2d at 972. Furthermore, the non-conspiracy counts in the indictment arise out of an event that occurred on March 29, 2022, and the conspiracy count

3

charges a conspiracy that occurred 'in or around March of 2022." (DE 4.) Thus, the conspiracy to deal in firearms is logically "interconnected in time, place and manner" with the Hobbs Act Robbery and drug crimes as to "constitute a common scheme or plan." Santoni, 585 F.2d at 673. Finally, it is inconsequential that Defendant Neal is not charged in the other counts in the indictment. See Santoni, 585 F.2d at 673 ("[I]t is not necessary that each defendant be charged in each count."). Accordingly, the Court finds that Defendant Neal was properly joined with the other co-defendants in the indictment under Rule 8(b), Fed. R. Crim. P.

Neal next contends that his case should be severed from his co-defendants under Fed. R. Crim. P. 14 because a joint trial "will prejudice Mr. Neal's right to a fair trial." (DE 190, p. 1.) However, in his brief and at the hearing, Neal failed to meet his burden to show he will be prejudiced by a joint trial. Neal first contends the evidence the government will offer at trial regarding the armed robbery and drug transaction for counts he is not charged "would be highly prejudicial and inflammatory" and "will prevent the jury from making a reliable judgment in Mr. Neal's case." (DE 190, p. 5.) However, the Fourth Circuit has clearly stated that a defendant is not entitled to severance by the "mere fact that evidence against one or more co-conspirator is stronger *or more inflammatory* than the evidence against others." Campbell, 963 F.3d at 318 (emphasis added); see also United States v. Hall, 93 F.3d 126, 131–32 (4th Cir. 1996) (rejecting defendant's argument that severance was required where a co-defendant co-conspirator was charged with murder because it may have inflamed the passions of the jury), abrogated on other grounds by Richardson v. United States, 526 U.S. 813 (1999)).

Second, Neal contends if any co-defendant testifies and he chooses not to, counsel for the testifying defendant "has the absolute right to comment on the co-defendants' failure to testify," and thus "a joint trial of this case *could* hamper his fundamental right to remain silent." (DE 190,

4

p. 5 (emphasis added).) However, "speculative allegations" are insufficient to make the required showing of prejudice to require severance. Najjar, 300 F.3d at 473. Neal's argument is based on a hypothetical scenario, and he has not pointed to any evidence of any of the co-defendants' intent to testify or intent not to testify. Furthermore, if such a scenario played out at trial, the Court could issue an adequate jury instruction to cure any prejudice. See United States v. LaRouche, 896 F.2d 815, 831 (4th Cir. 1990) ("We have also made clear that curative instructions given to the jury by the district court go a long way in eliminating any prejudice resulting from the spillover effects of joinder.").

Finally, Neal contends "Defendant Godbolt has provided exculpatory information about Mr. Neal that would make his testimony necessary in Mr. Neal's defense." (DE 190, p. 5.) However, "[a] defendant's attempt to have her trial severed from that of a co-defendant is far less likely to succeed when the request is based on the asserted need for a co-defendant's testimony." Reavis, 48 F.3d at 767-68. Accordingly, when the motion to sever is based on prospective co-defendant testimony, the defendant must show: "(1) a bona fide need for the testimony of his co-defendant; (2) likelihood that the co-defendant would testify at a second trial and waive his Fifth Amendment privilege; (3) the substance of his co-defendant's testimony; and (4) the exculpatory nature and effect of such testimony." Id. Although absent in Neal's brief, at the hearing Neal identified the substance of Defendant Godbolt's potential testimony – that Neal "wasn't involved in all that guns stuff." Nevertheless, Neal, by his own admission, stated that he did not and could not know whether Defendant Godbolt would testify and waive his Fifth Amendment privilege because he did not have access to Defendant Godbolt. Furthermore, although such a statement may be helpful in his defense, it is far from exculpatory, and Neal failed to articulate a bona fide

5

need for the testimony. Therefore, Neal has failed to satisfy all the elements necessary for severance on this ground.

## CONCLUSION

For the foregoing reasons, Defendant Fanotti Nacier Neal's Motion to Sever (DE 190) is **DENIED**.

    **IT IS SO ORDERED.**


Florence, South Carolina
June 27, 2023

*Joseph Dawson, III*
Joseph Dawson, III
United States District Judge